# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **GLENIECE WILLIAMS,**  ) | |
| ) | |
| **Plaintiff,**  ) | |
| ) | |
| v.  ) | Case No.: _____ |
| ) | |
| **CAPITAL ONE, NATIONAL ASSOCIATION;**  ) | |
| **LVNV FUNDING LLC; EXPERIAN**  ) | |
| **INFORMATION SOLUTIONS, INC.;**  ) | |
| ) | |
| ) | |
| **Defendants.**  ) | |

## COMPLAINT

COMES NOW Plaintiff Gleniece Williams, by and through counsel, in the above styled cause, and states her Complaint as follows:

## PARTIES

1. Plaintiff Gleniece Williams is a resident of Shelby County, Alabama, over 19 years of age, and is competent to bring this action.

2. Defendant Capital One, National Association (hereinafter "Cap One") is a nationally chartered bank with its principal place of business located in McLean, Virginia and was doing business in Shelby County, Alabama at all times material to this Complaint.

3. Defendant Experian Information Solutions, Inc. (hereinafter "Experian") is a credit reporting agency ("CRA"), an Ohio corporation with its principal place of business located in Orange, California and was doing business in Shelby County, Alabama at all times material to this Complaint.

4. Defendant LVNV Funding, LLC (hereinafter "LVNV") is registered in Delaware with

its principal place of business located in Las Vegas, Nevada and was doing business in Shelby County, Alabama at all times material to this Complaint.

## FACTUAL ALLEGATIONS

5. In September, 2009, Defendant Cap One sued Plaintiff in the Small Claims Court of Shelby County, Alabama, with a case number of SM-09-1408  In this suit, Defendant Cap One asserted it was the owner of a certain debt it claimed was allegedly owed by Plaintiff and asserted the amount owed was $1341.00 in charges plus costs and attorney fees bringing the total amount to $1748.04.

6. Plaintiff answered the Complaint with a denial of Cap One's claims, and the trial of lawsuit numbered SM-09-1408 occurred on or about March 15, 2011.

7. On March 15, 2011, the Honorable John H. Alsbrooks, District Judge for Shelby County, entered an Order finding for Ms. Williams and against Cap One in case number SM-09-1408.

8. The verdict entered in favor of Plaintiff and against Defendant Cap One by the Court was a final adjudication on the merits.

9. Defendant Cap One did not appeal within the time allowed, thus, making the judgment a final judgment from which an appeal no longer lies.

10. Defendant Cap One is not the owner of this alleged debt.

11. Defendant Cap One reported to the credit reporting agencies that Plaintiff owed this money and was in default when Plaintiff did not owe this money to Defendant Cap One.

12. In or around March, 2009 Defendant Cap One had sold this debt to Defendant LVNV and Defendant LVNV has pursued Plaintiff on the same debt since that time even though it has been adjudicated that Plaintiff does not owe said debt to Cap One nor LVNV.

13. The debt being collected is a "consumer debt" as defined by the FDCPA.

14. Plaintiff is a "consumer" as defined by the FDCPA and FCRA.

15. Defendant LVNV is a "debt collector" as defined by the FDCPA.

16. After the judgement for Defendant Gleniece Williams by the Small Claims Division of the District Court, Plaintiff sent dispute letters in or around May, 2012 to Defendant Experian requesting an investigation and/or reinvestigation of the Cap One and LVNV accounts that still appeared on Plaintiff's credit reports with regard to the account originating with Cap One and sold to LVNV by Cap One.

17. Plaintiff requested the accounts be deleted, as Plaintiff did not owe said accounts.

18. Plaintiff provided Defendant Experian with her case number and disposition of her case and even provided the contact information for the District Court and Cap One's lawyers in the District Court to verify that Plaintiff had indeed won the lawsuit in order to determine that this account should be immediately deleted from her credit reports.

19. No Defendant was concerned or cared about what the Alabama District Court did in the case as no Defendant had any intention of performing a reasonable investigation.

20. In fact, no Defendant performed any type of reasonable investigation and/or re-investigation.

21. Defendant Experian notified Defendants Cap One and LVNV in accordance with the FCRA of the dispute by the Plaintiff.

22. Alternatively, Defendant Experian did not properly notify Defendants Cap One and LVNV, and as a part of this failure, did not include all relevant information provided by Plaintiff in their notification of Defendants Cap One and LVNV. This includes notification that Plaintiff won the lawsuit in the District Court.

23. All Defendants failed to properly investigate and/or re-investigate these disputes, and if Defendants had properly investigated, the accounts would have been deleted.

24. On or about July 20, 2012, Defendant Experian sent Plaintiff a response letter claiming that the dispute was frivolous and that it would not investigate her dispute unless she provided her driver's license, social security card, a utility bill, bank statement, and insurance statement with her full name, including middle initial and generation, social security number, date of birth, and all addresses for the past two years, which is onerous, burdensome, and meant to harass and oppress consumers like Plaintiff to keep them from making valid disputes in violation of the FCRA.

25. However, Plaintiff sent in the required information, although Defendant's requirements violated the FCRA.

26. Thereafter, on or about August 10, 2012, Defendant Experian prepared and sent Plaintiff an "updated" report numbered 2744-4540-15 revealing the results of its reinvestigation and verifying the Defendants Cap One and LVNV accounts refusing to delete said accounts although Plaintiff provided Defendant Experian the proper information to show said account was not properly placed in or on her credit report, record, and/or file.

27. The report Defendant Experian prepared and issued to Plaintiff and the failure to properly and/or reasonably investigate and re-investigate by Defendants Experian, LVNV, and/or Cap One following the entering of judgment against Defendant Cap One in the District Court case it brought against Plaintiff shows that all Defendants failed and willfully refused to conduct an adequate and reasonable investigation and/or re-investigation into Plaintiff's dispute.

28. On or about August 15, 2012, Defendant LVNV's servicer of accounts,, Resurgent Capital Services, sent correspondence stating the debt was valid, that LVNV had purchased the

subject debt in March, 2009, that Cap One stated the account was charged off on February 4, 2009, and that the account balance was $1302.93 as of August 15, 2012.

29. All Defendants were provided with more than sufficient information in the dispute and in their own internal sources of information (which includes the knowledge of Defendant Cap One through its District Court trial counsel that Plaintiff won the case at trial) to conduct an investigation and to conclude that the account complained of was being reported incorrectly.

30. Defendant Experian has proclaimed in the past they were obligated to rely upon whatever the public records state about a consumer.

31. For example, had Plaintiff not answered the Small Claims suit and a default judgment was entered, and Plaintiff disputed with the Consumer Reporting Agencies, Experian would have taken the position that they were bound by the state court judgment which says Plaintiff owes the money.

32. Defendant Experian, however, refused to rely upon what the District Court judge actually rendered in this case, particularly, that Plaintiff prevailed at trial on the merits.

33. The verdict for Plaintiff means the Plaintiff does not owe the money claimed by Defendants Cap One and LVNV; and the District Court's ruling was a final judgment.

34. The dismissal with prejudice was not appealed to the Shelby County Circuit Court, and there is no avenue for appeal for Defendant Cap One of this judgment as the time to appeal has long since passed.

35. Despite this knowledge, Defendant Experian has completely abdicated its obligations under federal and state law and have instead chosen to merely "parrot" whatever the customer, Defendant Cap One, has told it to say.

36. Defendant Experian has a policy to favor the paying customer, in this situation

Defendants Cap One and LVNV, rather than what the consumer or even a court says about a debt.

37. The primary reason for this wrongful policy is that furnishers in general, and debt collectors specifically, provide enormous financial rewards to these Defendants.

38. The importance of keeping balances on credit reports is that all the Defendants understand that one of the most powerful methods furnishers (and debt collectors) have to wrench payment from a consumer is by placing accounts with balances on the consumer's credit reports.

39. Defendants Cap One and LVNV have a policy and procedure to refuse to update credit reports of consumers, like Plaintiff, who do not owe the alleged debt. This practice and procedure keeps false information on the credit report. The false information consists of a balance shown as owed when Defendant Cap One knows no balance is owed.

40. Defendants Cap One and LVNV promise through subscriber agreements or contracts to accurately update accounts but Defendants LVNV and Cap One has willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, FDCPA, and state law, which has resulted in the intended consequences of this information remaining on Plaintiff's credit reports.

41. Defendants LVNV and Cap One had a duty, and has a duty it assumed through the subscriber agreement and other actions, to accurately report the balances, and this duty was breached in a negligent, wanton, reckless, willful, intentional, and/or malicious manner.

42. Defendants Cap One and LVNV have a policy and/or practice to "park" its accounts on at least one of the consumer's credit reports. In the credit reporting industry, the term "park" means to keep a false balance (or false account) on the credit report so that the consumer will be forced to pay off the balance in order to obtain a refinancing or to qualify for a loan or to increase the consumer's credit score from the artificially lowered score which directly resulted from the

Defendants' intentional and malicious conduct. In this matter, Defendants Cap One, LVNV and Experians' failure to remove Plaintiff's account is a prime example of "parking" an account in order to extort monies from consumers like Plaintiff in order to have an inaccurate trade line removed.

43. In parking or allowing the parking of an account, all Defendants know they are violating their obligations and duties under federal and state law to accurately report the account and/or the balance.

44. All Defendants know that parking a balance will lead to false and defamatory information being published every time the Plaintiff's credit report is accessed and this is the malicious and intentional design behind Defendants' actions with the goal to force the Plaintiff to pay on an account she does not owe.

45. All Defendants maliciously, willfully, intentionally, recklessly, and/or negligently failed to review the information provided in the disputes and that was already in their files and to conduct a reasonable investigation and/or re-investigation into Plaintiff's disputes.

46. At all relevant times the Defendant Experian failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report and/or to conduct a reasonable and proper investigation and/or re-investigation and/or provide proper consumer disclosures, concerning the accounts in question, violating 15 U.S.C. §§ 1681e(b), 1681i and state law.

47. Defendants LVNV and Cap One failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit report and/or to conduct a reasonable and proper investigation and/or re-investigation, concerning the account in question, thus violating state law and FDCPA as set forth in this Complaint. These violations occurred before, during, and after the dispute process began with

the consumer reporting agencies.

48. Defendants Cap One and LVNV have taken aggressive actions in a continued effort to collect the alleged debt against Plaintiff. These actions include the continued reporting of the debt to third parties, including consumer-reporting agencies such as Experian, that Plaintiff owed the debt, that Plaintiff defaulted, and that the account was in collections.

49. Defendant Experian has failed to maintain Plaintiff's accounts with maximum accuracy and all Defendants have failed to properly investigate and/or re-investigate the accounts in response to the disputes made by Plaintiff.

50. The conduct of the Defendants has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

51. It is a practice of Defendants Cap One and LVNV to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FDCPA, FCRA, and state law.

52. It is a practice of Defendant Experian to maliciously willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FCRA, and state law.

53. All actions taken by employees, agents, servants, or representatives of any type for any and/or all Defendants were taken in the line and scope of such individuals (or entities') employment, agency or representation.

54. All actions taken by any and/or all Defendants were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FCRA and/or FDCPA and/or state law and/or that they knew or should have known that their

actions were in reckless disregard of the FCRA and/or FDCPA and/or state law. The inaccurate reports prepared by Defendant Experian have been used by third parties to cause adverse actions with respect to Plaintiff, including negatively affecting her credit, credit opportunities, insurance rates, credit card rates, and other such items.

55.    Defendants Experian, Cap One, and/or LVNV have engaged in a pattern and practice of wrongful and unlawful behavior with respect to Plaintiff's accounts and consumer reports and as such all Defendants are subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by these Defendants and similar companies.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

56.    All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

57.    Defendant LVNV violated the FDCPA in numerous ways, including, but not limited to the following:

   a.   Falsely reporting the debt on Plaintiff's credit reports with Experian when Plaintiff does not owe the money;

   b.   Continuing to assert the suit in state court when Defendant LVNV knew, or should have known, there was no basis for doing so;

   c.   Engaging in collection activities on a debt that Plaintiff does not owe and that Defendant Cap One is not entitled to collect upon.

58.    The violations of the FDCPA by the Defendant LVNV are the proximate cause of Plaintiff's injuries under the FDCPA due to Defendant LVNV's conduct which violated the FDCPA

and caused Plaintiff's actual damages, statutory damages, costs, expenses, attorneys' fees, and including, but not limited to, Plaintiff's credit was and is damaged; Plaintiff suffered contempt, ridicule and/or financial injury; Plaintiff has suffered a loss of credit, insurance, and/or other business dealings of varying types; and Plaintiff suffered actual damages for worry, shame, humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

WHEREFORE, Plaintiff demands judgment against Defendant LVNV for statutory, actual, compensatory and/or punitive damages to be determined by the trier of fact, plus attorneys' fees and interest from the date of injury and the costs and expenses of this proceeding.

## COUNT II

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 et seq.

59. All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

60. Defendant Experian is nationally known as a "consumer reporting agency," as codified at 15 U.S.C. §1681a(f).

61. Defendants Cap One and LVNV are entities who, regularly and in the course of business, furnish information to one or more consumer reporting agencies about transactions or experiences with any consumer and therefore constitute a "furnisher," as codified at 15 U.S.C. § 1681s-2.

62. Plaintiff notified Defendant Experian directly of a dispute about Defendants Cap One and LVNVs' accounts' completeness and/or accuracy, as reported.

63. The credit reporting agency, Defendant Experian, failed to do a reasonable reinvestigation, delete inaccurate information, reinserted the information without following the

FCRA, and/or failed to properly investigate and/or reinvestigate Plaintiff's disputes.

64.     Plaintiff alleges that at all relevant times Defendant Experian failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of her credit report with regard to the accounts in question in violation of 15 U.S.C. § 1681e(b).

65.     Plaintiff alleges that Defendants Cap One, LVNV, and Experian failed to conduct a proper, reasonable and lawful investigation and/or reinvestigation as well as provide a proper consumer disclosure in violation of 15 U.S.C. § 1681i. All Defendants were given notice the suit was adjudicated a judgement for Defendant but each Defendant apparently failed to review the court file, contact the District Court, contact Cap One's trial counsel and/or perform other proper and reasonable measures.

66.     All actions taken by Defendants Cap One, Experian and LVNV were done willfully, with malice, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were in violation of the FCRA and state law and/or that knew or should have known that their actions were in reckless disregard of the FCRA and/or state law.

67.     Defendants Experian, LVNV, and/or Cap Ones' violations of the FCRA proximately caused the injuries and damages set forth in this Complaint, including, but not limited to, Plaintiff's credit was and is damaged; Plaintiff suffered contempt, ridicule and/or financial injury; Plaintiff has suffered a loss of credit, insurance, and/or other business dealings of varying types; and Plaintiff suffered actual damages for worry, shame, humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

WHEREFORE, Plaintiff demands judgment against Defendants Cap One, LVNV and/or Experian, jointly and severally, for statutory, actual, compensatory and/or punitive damages in an

amount to be determined by the trier of fact, plus attorneys' fees and interest from the date of injury and the costs and expenses of this proceeding.

### COUNT III

### DEFAMATION

68. All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

69. Defendants Cap One and LVNV published false information about Plaintiff by reporting to one or more of the Consumer Reporting Agencies (CRAs) the account merely showing it as being "disputed" and/or failed to accurately reflect the status of Plaintiff's account.

70. Each time the credit reports of Plaintiff were accessed, a new publication occurred, which was the result intended by the Defendant.

71. Plaintiff alleges that the publications and defamations were done maliciously, without privilege, and with a willful intent to injure Plaintiff.

72. Plaintiff has been damaged as a proximate result of Defendants Cap One and LVNVs' wrongful conduct as set forth in this Complaint, including, but not limited to, Plaintiff's credit was and is damaged; Plaintiff suffered contempt, ridicule and/or financial injury; Plaintiff has suffered a loss of credit, insurance, and/or other business dealings of varying types; and Plaintiff suffered actual damages for worry, shame, humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

WHEREFORE, Plaintiff demands judgment against Defendants LVNV and Cap One, jointly and severally, for compensatory and punitive damages in an amount to be determined by the trier of fact, together with interest from the date of injury and the costs and expenses of this proceeding.

## COUNT IV

## INVASION OF PRIVACY

73. All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

74. Defendants Cap One and LVNV recklessly, intentionally, and/or willfully invaded the privacy of Plaintiff as set forth in Alabama law, including publishing false information about Plaintiff's personal financial obligations and refusing to properly update the credit reports as described in this Complaint.

75. Plaintiff has been damaged as a proximate result of Defendants LVNV and Cap Ones' wrongful conduct as set forth in this Complaint, including, but not limited to, Plaintiff's credit was and is damaged; Plaintiff suffered contempt, ridicule and/or financial injury; Plaintiff has suffered a loss of credit, insurance, and/or other business dealings of varying types; and Plaintiff suffered actual damages for worry, shame, humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

WHEREFORE, Plaintiff demands judgment against Defendants LVNV and Cap One, jointly and severally, for compensatory and punitive damages in an amount to be determined by the trier of fact, together with interest from the date of injury and the costs and expenses of this proceeding.

## COUNT V

## NEGLIGENT, RECKLESS, WANTON, MALICIOUS, WILLFUL AND/OR INTENTIONAL CONDUCT

76. All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

77. Defendants LVNV and Cap One have a duty under Alabama law, and also assumed a duty through the subscriber agreement with the CRAs, to accurately report the account of Plaintiff.

78. Defendants LVNV and Cap One have agreed to follow and understands they must follow the requirements of the FCRA.

79. Defendants LVNV and Cap One have a duty under Alabama law to act reasonably under the circumstances.

80. Defendants LVNV and Cap One have violated this duty under Alabama law by failing to accurately report Plaintiff's account to the credit reporting agencies.

81. Defendant Cap One sold the account of Plaintiff to Defendant LVNV and then sued Plaintiff on an account it did not own, service, or otherwise have a right to sue Plaintiff.

82. Defendants LVNV and Cap One violated its duties to Plaintiff and such violations were made willfully, intentionally, recklessly, wantonly, maliciously, and/or negligently as Defendant refused to comply with all the duties Defendant had.

83. Defendant Experian violated its respective duties to Plaintiff and such violations were made intentionally, recklessly, wantonly, maliciously, and/or negligently as this Defendant refused to comply with all the duties it had or owed to Plaintiff.

84. Plaintiff has been damaged as a proximate result of all Defendants' wrongful conduct as set forth in this Complaint, including, but not limited to, Plaintiff's credit was and is damaged; Plaintiff suffered contempt, ridicule and/or financial injury; Plaintiff has suffered a loss of credit, insurance, and/or other business dealings of varying types; and Plaintiff suffered actual damages for worry, shame, humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

WHEREFORE, Plaintiff demands judgment against Defendants Experian, LVNV, and/or

Cap One, jointly and severally, for compensatory and punitive damages in an amount to be determined by the trier of fact, together with interest from the date of injury and the costs and expenses of this proceeding.

## COUNT VI

## NEGLIGENCE/RECKLESSNESS IN HIRING, SUPERVISING, AND/OR TRAINING

85.   All paragraphs of this Complaint are expressly adopted and incorporated herein as if set forth herein in their entirety.

86.   Defendants Experian, LVNV and/or Cap One were negligent, reckless or wanton in the hiring, training, and/or supervision of their employees and/or agents.

87.   The employees and/or agents of these Defendants, while acting in furtherance of each one's employment or agency and in the line and scope of each one's respective employment or agency, were incompetent to perform his/her duties and all Defendants did know, or should have known, of such incompetence.

88.   The negligent, willful, reckless, or wanton conduct of those employees and/or agents of all Defendants while acting in furtherance of each one's employment or agency and in the line and scope of each one's respective employment or agency lead to the Plaintiff's account at issue in this matter being reported inaccurately on her credit reports.

89.   Plaintiff has been damaged as a proximate result of all Defendants' wrongful conduct as set forth in this Complaint, including, but not limited to, Plaintiff's credit was and is damaged; Plaintiff suffered contempt, ridicule and/or financial injury; Plaintiff has suffered a loss of credit, insurance, and/or other business dealings of varying types; and Plaintiff suffered actual damages for worry, shame, humiliation, loss of sleep, anxiety, nervousness, physical sickness,

physical and mental suffering, pain, and anguish.

WHEREFORE, Plaintiff demands judgment against Defendants Experian, LVNV and/or Cap One, jointly and severally, for compensatory and punitive damages in an amount to be determined by the trier of fact, together with interest from the date of injury and the costs and expenses of this proceeding.

  s/Wesley L. Phillips  
  Wesley L. Phillips (PHI053)  
  Attorney for Plaintiff

OF COUNSEL:
PHILLIPS LAW GROUP, LLC
Post Office Box 362001
Birmingham, Alabama 35236
Telephone: (205) 383-3585
Facsimile:  (800) 536-0385
Email: wlp@wphillipslaw.com

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS MATTER .**

  s/Wesley L. Phillips  
  OF COUNSEL

**PLEASE SERVE SUMMONS AND COMPLAINT BY CERTIFIED MAIL AS FOLLOWS:**

LVNV Funding LLC
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104

Experian Information Solutions, Inc.
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104

Capital One, National Association
CSC Lawyers Incorporating Service
150 S Perry Street
Montgomery, Alabama 36104